# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| IN RE ROBBIN D. HALCOMB, KAREN L. HALCOMB ) ) ) | |
| RICHARD W. LORENZ, ) ) | |
| Appellant, ) ) | |
| vs. ) ) | Cause No. 2:10-cv-334-WTL-DKL |
| ROBBIN D. HALCOMB, et al., ) ) | |
| Appellees. ) ) | |

## ENTRY ON BANKRUPTCY APPEAL

Appellant Richard W. Lorenz (the "Trustee") has appealed the Bankruptcy Court's order overruling his objections to the Debtors' Schedules B and C exemptions. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). The merits of this appeal have been fully briefed, and the Court, being duly advised, now **AFFIRMS** the Bankruptcy Court's order.

## I. LEGAL STANDARD

When reviewing a decision of the Bankruptcy Court, this Court acts as an appellate tribunal and is governed by the traditional standards of appellate review. The Court applies "a clear error standard to the bankruptcy court's factual findings." *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). However,

legal questions, as well as mixed questions of law and fact, are subject to *de novo* review. *Ojeda*, 599 F.3d at 716; *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

## II. BACKGROUND

The Debtors, Robbin and Karen Halcomb,[1] filed Chapter 7 bankruptcy on December 14, 2009. In Schedule B they listed, among other things: (1) a 1988 Harley Davidson owned by the Husband; (2) a jointly owned 2004 Jeep Liberty; and (3) a jointly owned 2006 Ford F150. In Schedule C the Debtors claimed all three vehicles as exempt property under IND. CODE 34-55-10-2(c)(2). On January 27, 2010, the Trustee objected to the Debtors' exemptions, alleging that the Debtors had claimed more than the statutorily-permissible amount under IND. CODE 34-55-10-2. The Debtors filed amended Schedules B and C on March 10, 2010. Amended Schedule B identified the following items: (1) a 1988 Harley Davidson owned by the Husband; (2) a 2004 Jeep Liberty owned by the Wife, with an annotation stating "117,000 miles Good Condition. Vehicle is JOINTLY owned and value listed = FMV and represents wife's undivided 1/2 interest. She expressly claims the entire value of the vehicle as exempt under her exemption rights," Docket No. 3 Ex. 4 at 2-3; and (3) a jointly owned 2006 Ford F150.

On April 8, 2010, the Trustee filed a second objection to the Debtors' claimed exemptions, stating: "[T]he Trustee has reasonable cause to believe that certain representations contained in Schedule B are inaccurate and erroneous, and that the Debtors are attempting to shift property title and undivided interest in personal property in such a manner as to purportedly fall within the Indiana Exemption Statutes." Docket No. 3 Ex. 6 ¶ 4. The Debtors responded

---

[1] For clarity and consistency, the Court will refer to Mr. Robbin Halcomb as "Husband" and Ms. Karen Halcomb as "Wife."

and stated that they "believe[d] they filed the Amended Schedules in good faith and were not attempting to 'shift property title and undivided interest in personal property.'" Docket No. 3 Ex. 7 ¶ 7. The Debtors explained that they "were merely exercising their exemption rights by the wife claiming the entire equity in a jointly owned 2004 Jeep Liberty so that the husband would have the full exemption allowed in a 1988 Harley Davidson that is titled in his name only." *Id*. ¶ 8.

The Bankruptcy Court held a hearing on the exemption issue on June 11, 2010. The parties filed post-argument briefs and on October 26, 2010, the court issued an order overruling the Trustee's objection and permitting the Debtors to "claim the exemptions as they have in their amended schedules." Docket No. 3 Ex. 12 at 1. The Trustee timely appealed to this Court pursuant to 28 U.S.C. § 158(a).

### III. DISCUSSION

The parties agree that the specific piece of property at issue is a 2004 Jeep Liberty (the "Jeep") that is jointly owned by the Husband and the Wife. The parties also agree that if the Husband claims a 50 percent exemption in the Jeep then he will be over the $8,000 limit set forth in IND. CODE 34-55-10-2(c)(2),[2] as he is also claiming as exempt his full interest in a 1988 Harley Davidson motorcycle.[3] The issue for the Court is what happens if the Husband chooses

---

[2] This portion of the statute states: "The following property of a debtor domiciled in Indiana is exempt: . . . (2) Other real estate or tangible personal property of eight thousand dollars ($8,000)."

[3] The Harley Davidson is titled solely in the Husband's name and is valued at $5,100. If the Husband exempts his full interest in the Harley Davidson and a 50 percent interest in the Jeep, then he would be exempting $9,769.50, which is undisputedly over the $8,000 limit. If the Husband exempts only his interest in the Harley Davidson, then he would be exempting $6,717.00, which is well within the statutory limit.

not to exempt a 50 percent interest in the Jeep. The Debtors argue that if the Husband does exempt a 50 percent interest, then the Wife can exempt a 100 percent interest in the Jeep. The Trustee claims precisely the opposite – that the Wife cannot exempt a 100 percent interest in the Jeep because it is jointly owned property, therefore, the Wife only owns a fractional share of the vehicle and she can exempt only the amount of her fractional ownership.

The Trustee claims that the Debtors hold the Jeep as tenants in common pursuant to IND. CODE 32-17-11-29, however, the Trustee's argument overlooks subsection c of the statute. Although IND. CODE 32-17-11-29(b) establishes a presumption in favor of a tenancy in common, there is an exception for property held by a married couple:

> Upon the death of either husband or wife:
>     (1) household goods:
>         (A) acquired during marriage; and
>         (B) in possession of both husband and wife; and
>     (2) any:
>         (A) promissory note;
>         (B) bond;
>         (C) certificate of title to a motor vehicle; or
>         (D) other written or printed instrument;
>     evidencing an interest in tangible or intangible personal property in the name of both husband and wife;
> becomes the sole property of the surviving spouse unless a clear contrary intention is expressed in a written instrument.

IND. CODE 32-17-11-29(c).

Indiana courts have interpreted this portion of the statute (as well as its predecessor) as establishing a preference for joint tenancy with right of survivorship between spouses. *Poulson v. Poulson*, 691 N.E.2d 504, 506 (Ind. Ct. App. 1998). The *Poulson* court went on to explain that "[a] joint tenancy is a single estate in property owned by two or more persons under one instrument or act." *Id*.

4

Here, there is no dispute that the Jeep is titled in the name of the Husband and the Wife. Under Indiana law, this is sufficient to evidence an interest in vehicle in both the Husband and the Wife, as required by IND. CODE 32-17-11-29(c)(2). *See Poulson*, 691 N.E.2d at 506-07 (evidence that a dune buggy was titled in the name of both the husband and the wife during their marriage indicates that it was owned as joint tenants with right of survivorship). Accordingly, pursuant to the statute, the Jeep is held as joint tenants with right of survivorship, not as tenants in common.

In support of his tenants in common argument, the Trustee cites extensively from *In re Hedrick*, 441 B.R. 601 (Bankr. S.D. Ill. 2010). He argues pursuant to *Hedrick* that as a tenant in common, the Wife cannot exempt the full value of the Jeep. However, *Hedrick* is not analogous to the instant case because the property in question was not owned as joint tenants with right of survivorship but instead as tenants in common. The *Hedrick* court noted that although certain property such as motor vehicles, bank accounts, and real property, could be held as joint tenants with right of survivorship, Illinois law stated that the household goods at issue were held as tenants in common. *Id*. at 606-07. Accordingly, the wife in *Hedrick* owned only a 50 percent interest of the household goods at issue and accordingly could not claim an exemption for the 50 percent portion of the goods owned by her husband. *Id*. at 606. Of course, this Court has already concluded that the Jeep in the instant case is owed as joint tenants with right of survivorship, therefore, *Hedrick*, is simply not on point.

Instead, the Court believes that *In re Browning*, No. 10-70066, 2010 WL 1541629 (Bankr. C.D. Ill. Apr. 19, 2010), is helpful. One of the *Browning* debtors sought to exempt the entire portion of a jointly owned vehicle. The trustee objected, and the court explained that

5

because the vehicle was owned as joint tenants with right of survivorship the debtors each had an interest in the vehicle up to its whole value of $2250. *Id*. at *1-2. Accordingly, "each [d]ebtor . . . ha[d] an undivided interest in the whole and [because] the asset in question cannot be divided, it is reasonable to allow one [d]ebtor to claim an exemption in the whole." *Id*. at *2.

In the instant case the Debtors own the Jeep as joint tenants with right of survivorship. According to Indiana law, as joint tenants with right of survivorship the Debtors have an equal right to share in the enjoyment of the property during their lives. *See Rogers v. Rogers*, 437 N.E.2d 92, 96 (Ind. Ct. App. 1982); ERIC J. DAWSON, 17 INDIANA LAW ENCYCLOPEDIA JOINT TENANCY § 1 (2011). Because the Jeep cannot be divided, and because each Debtor has a right to use and enjoy the whole vehicle, either the Husband or the Wife could exempt the entire value of the Jeep.

There is little to say about the Trustee's second argument that the Bankruptcy Court's order erroneously "suggests that the issue is framed around the question of 'whether a joint debtor may disclaim his right to claim a one-half interest in a vehicle.'" Docket No. 7 at 13. Having reviewed the order and the parties' submissions, the Court concludes that there is really no disagreement. To the extent that the Bankruptcy Court's order states that the Husband may disclaim any right to claim an exemption, the Court concludes that the Bankruptcy Judge meant the Husband may choose not to claim an exemption. This is a true statement of the law in Indiana.

## **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's order is **AFFIRMED**. Judgment consistent with this Entry will be issued forthwith.

SO ORDERED: 05/25/2011

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Richard Wayne Lorenz
Hickam & Lorenz P.C.
trustee@hickamlorenz.com

B. Scott Skillman
B. Scott Skillman, P.C.
scott.skillman@gmail.com